The Honorable, the judges of the United States Court of Appeals for the 4th Circuit, Oyez, Oyez, Oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the 4th Circuit, are admonished to draw nods and give their attention, for the Court is now sitting. Godspeed to the United States and this Honorable Court. All right, good morning, everybody. Please be seated. All right, Ms. Daniel, we're prepared to hear from you. Good morning. Thank you. I cannot really express what an honor and a privilege it is for me that this Court has given me the opportunity to make an oral argument before you. I have waited 40 years for this day. I practiced law for 45 years. I'm here for minorities, women, solo practitioners, small firm members under five people. I'm 78 years of age. I'm not here for me. I'm here for them. I'm here for the public. Forty years ago, I went to work for the Virginia State Bar in September of 82. And almost immediately upon arriving there and going to work, I was told to cover up a sexual predator and a separate cocaine user who were accepting cocaine from a client, defending that client on distribution of cocaine, and who was accepting sex from a client's wife in payment of fee. I made a vow to myself in 82, in September of 82, that when I got to retirement age and the bar could target me, I would expose the corruption I saw in the Virginia State Bar 40 years ago. So that's why I'm here today. I'm going to make a legal argument to you today. I'm not here to defend myself. I'm here to defend the public and the lawyers of this state and lawyers who come into this state to practice law pro hoc vici. Due process of law cannot be waived in this country. Subject matter jurisdiction cannot be waived in this country. The matter today is reciprocal discipline, wherein the Virginia State Bar Distinguished Board lacks subject matter jurisdiction and denied this respondent and many others, thousands of others, due process of law. And what is your best supporting authority that they lack jurisdiction? Because in 1980, the U.S. Supreme Court issued an opinion, and we shortly referred to it as Consumers Union. I have the full site for you, in which that court stated... Is that in your brief? It's in my brief. That only the state courts have jurisdiction to discipline lawyers, impose discipline on lawyers. And I agree with that. Now, that was four years after the U.S. Excuse me. The Virginia Supreme Court justices set up an illegal disciplinary system in Virginia with private judicial entities and private judges. Those judicial entities are not created by the General Assembly, which is required by the Virginia Constitution. Those people sitting on those entities, be it the discipline board or the district committees, sitting in judgment of lawyers and reviewing complaints of the public, are not appointed by the General Assembly. Ms. Daniel, can I ask a question regarding the statutory scheme here? As I understand it, a lawyer who is subject to disbarment in the Commonwealth has the option to refuse adjudication before the board and seek a hearing before a court. Did you do that in this instance? I did not do that on purpose because the certification from the district committee was faulty. That district committee cannot sit in judgment of a lawyer and issue what is the equivalent of an indictment to the wrong court to have someone tried before a court that has not subject matter jurisdiction. Wouldn't that have been an argument that you could have made before the court? My attorney filed a memorandum along those lines and failed to argue it, waived argument at the beginning of the hearing and did not inform me that he had done so. So, yes, it was presented. It was not argued because my lawyer did not argue it. I couldn't control that. I did ultimately fire him and the bar appointed a guardian ad litem for me, appointing him as my guardian ad litem, when they had no authority whatsoever under any rules, any statutes, any constitutional provisions to appoint a guardian ad litem in a misconduct case. And then they put in a footnote written by John Gibney's wife. John Gibney is a U.S. District Court in the Eastern District of Virginia. She is a lawyer, deputy county attorney in Hanover. They put in a footnote in that opinion, written March 23, 2019, on my father's birthday, that I didn't need a guardian ad litem because I hired a lawyer. That is an outright lie in that order. Can I back up a little bit? It's nothing else. So we have some information in the record that part of this litigation made its way up to the Virginia Supreme Court. Has this issue been decided by the Virginia Supreme Court in your case? Not in my case, no. Has the court decided it in some other case? The court has never addressed this full issue, or these full issues, rather, of subject matter jurisdiction and due process in any other cases to my knowledge. They've touched on it, but they've never gotten to the essence of it. If the board doesn't have subject matter jurisdiction, and the district committees don't have subject matter jurisdiction, then those proceedings before those entities, before supposedly quasi-judicial officials appointed by the Supreme Court, not the General Assembly, and appointed by counsel CIL, the governing body of the state bar, not the General Assembly, to sit in judgment of lawyers, that has never been addressed fully in this state. So let me go back again to the point you made about your lawyer not presenting the argument. That's not, unfortunately, not atypical in cases that we see. And the general rule is that the lawyer is the agent of the client. The client is responsible for any commissions or omissions that the lawyer fails or doesn't make. So why shouldn't that apply in your case? Your lawyer didn't make the argument, so the argument is waived. I did not waive the argument. My attorney waived the argument without my permission. And I have sued him for that. Right, but your attorney was acting as your agent at the time. And, I mean, the cases are legion that if that happens, absent some extraordinary circumstance, the client, unfortunately, has to accept the consequences of the lawyer's waiver. I did not know he waived the argument until after the entire two-day trial was over. And then I found out he waived the argument. The day of the first day of trial, I asked the court reporter to provide me a transcript the next morning, overnight, expedited. The court reporter was hired by the Virginia State Bar, not me. They would not let me have my court reporter there. That court reporter did not provide me that transcript. Were you at the trial? Not when he waived the argument. No, I was not. Were you there for the two days? I was there for one and a half days on his instructions. I missed the first morning on his instructions because he did not want me to be called as the first witness for the bar. And I understood that, having prosecuted lawyers for eight years for the State Bar and defended them for 28 years, I understood that theory. So I was not there when he waived the argument. I did not know until after the case was over, completely over, that he had waived the jurisdictional arguments. The fact that there was no subject matter jurisdiction in that board to try any lawyer or that he didn't argue due process of law was denied because the board didn't have subject matter jurisdiction. Now, those are constitutionally guaranteed rights in this country. Yes, I ended up firing him the second day of trial, before the board. And that's when this woman right here asked the board to point him, my guardian, and light him, and they did it. They had no right to do so. There's no rule or law that allows the State Bar District Board to appoint a guardian in a misconduct case. I challenged it, and I fired him. And they had to rescind that order after Ms. Schoenfeld consulted with Mr. McCauley's office, who's the ethics counsel at the State Bar, and he informed her that I was correct. However, they put the footnote in the order stating that I didn't need a guardian to light him because I hired a lawyer. That's an illustration of the corruption that goes on inside of the Virginia State Bar that is not confronted. Lawyers in this state are petrified of the State Bar. Not a single lawyer out of 34,000 active lawyers have been willing to do any research for me, anything to help me prepare for this day. Ms. Daniel, can I go back to this issue of waiver? And I don't mean to beat a dead horse here, but you said that the Supreme Court has never adjudicated this issue, but the Supreme Court has in a case called Fails held that as a matter of law, the board has jurisdiction to conduct disciplinary proceedings and sanction attorneys whenever an attorney does not timely demand to be heard by a three-judge panel of circuit court judges. That's what happened in this case. But, Your Honor, there is a rule, 13-2. It's a procedural rule for the State Bar. And there is a statute, 54.13915, that says that the Supreme Court of Virginia cannot pass any rules that are contrary to the statutes. If you look at Consumers Union, which I mentioned earlier, and 54.13935, you will find that every attorney has the right to be tried by a court, not a disciplinary board, not a district committee, and that those attorneys are entitled to have a state court impose discipline on them, not the State Bar Disciplinary Board, not the State Bar District Committees. The rules that allow the State Board and the State Bar Disciplinary Board and the State Bar District Committees to impose discipline are contrary to Consumers Union, contrary to 54.13915, and contrary to Rule 13-2 of the Virginia Supreme Court for the procedures that can be enacted, if you will, or promulgated by the Virginia Supreme Court for the discipline of lawyers. It is clear from the constitutions, from the statutes, from the rules, that particular rule, 13-2, that the courts have the sole jurisdiction to impose discipline on lawyers in Virginia, the sole jurisdiction. Therefore, if the district committee imposes discipline, it's illegal. If the disciplinary board imposes discipline, it's illegal. Those orders avoid ab initio the minute they're entered and promulgated out to the world, sent out to the world. They ruin people's reputations. They ignore the public. There's another statute that's critical. It's 54.13910, which says the bar has only the authority, only the authority, to investigate and report. Investigate and report. It's limiting. It's mandatory. They dismiss 81% of their cases every year that they get with little or no investigation. I have an audio video of the past president, Jay Myerson, speaking to the Senate of the General Assembly Judiciary Committee on February 2nd, this year, 2022, proudly saying to the Senate Judiciary Committee, the state bar dismisses 81% of their cases that they get, complaints they get, with little or no investigation. And often the lawyers don't even know the complaint was received. Well, if you look at the YouTube video that the state bar puts out for complainants, so they think the public thinks they're going to get fairness, that's not the procedure they have in their YouTube video. In their YouTube video, they have the procedure of we receive the complaint, we review the complaint, we send it to the respondent, the respondent has a chance to respond, the complaint then has a chance to rebut. They don't do that in 81% of 4,000 cases a year. But you know what they do? They target minorities, women, solo practitioners, and small firm members. I've got 27 years of verified statistics where no large firm member and no well-connected lawyer got any public discipline. How does that protect the public? That is why I'm here. The public deserves to be protected. Lawyers are part of the public. They deserve to be protected. We as lawyers, all of us are lawyers, just about, in this courtroom. We as lawyers are entitled to due process. We're entitled to be tried by a forum that is subject matter jurisdiction. You cannot waive that, even if my attorney waived it. I can't waive it. I have the right in any forum at any time to attack a void ab initio order, and that's exactly what I'm doing here today. I waited for this moment to come before the U.S. Fourth Circuit Court of Appeals. I could have gone to the U.S. Bankruptcy Court. I could have gone to the U.S. District Court. I chose to bring these issues to the Fourth Circuit Court of Appeals because they're jurisdictional issues. Due process is guaranteed. Subject matter jurisdiction is guaranteed. It cannot be waived. I don't care what my lawyer did. I didn't waive it, and I have the right to attack a void order when it's void ab initio or purely void, whether they use those special words or not, in any forum at any time. All right, Ms. Daniel, you're a little bit over your time now. You're leading into your rebuttal, so you have some time for rebuttal. Thank you very much. May it please the Court. My name is Elizabeth Schoenfeld. I'm a senior assistant bar counsel for the Virginia State Bar, and I was appointed as prosecuting counsel for this reciprocal discipline matter pursuant to Local Rule 46G10. I served as lead counsel for the Virginia State Bar for the underlying proceeding that resulted in the revocation of Ms. Daniel's Virginia State Bar license. The background of the underlying proceeding is that on September 20th of 2018, a subcommittee of the Third District Committee of the Virginia State Bar certified charges against Ms. Daniel. The certification, which is in the joint appendix at 655 through 675, laid out detailed allegations of fact and violations of the Virginia Rules of Professional Conduct. Now, as the Court noted, Ms. Daniel had the opportunity to demand to have the matter heard by a three-judge circuit court pursuant to Virginia Code Section 54.1-3935 and also the Rules of Supreme Court of Virginia, Part 6, Section 4, Paragraph 13-18A. And I'll refer to that section of the Rules of Court a few times, and in the future I'll refer to it as Paragraph 13. Now, her primary argument, as I understand it, is there was no jurisdiction from the get-go, that the State Bar has no jurisdiction. What's your response to that? Certainly. Well, she talked about the Consumer's Union case. That case was not cited in her briefs. I believe it was cited in additional filings before this Court, but not in her briefs. But if you read the Consumer's Union case, the section that she cited is dicta. What the Consumer's Union case was about was whether the Virginia State Bar and or the Supreme Court of Virginia were liable and responsible for attorney's fees regarding an advertising rule that had been promulgated. And the section that Ms. Daniel has referred to simply discusses the Court's understanding of how the disciplinary system worked in attempting to ferret out who does what, when, and why. And to continue with the authority... Ms. Schoenfeld, just to be so I understand this process, the statutes themselves do not expressly set out the procedure that the Supreme Court has created for discipline. Is that right? They delegate authority to the Supreme Court of Virginia to create that process. And they specifically recognize the disciplinary board in Section 54.1-3935. And I can walk through that. Is there any limitation in that statute itself that suggests that the board can't mete out discipline? The board can't? Can't. Oh, absolutely not. What 3935 says is that any attorney who is the subject of a disciplinary proceeding may elect to terminate the proceeding before the bar disciplinary board or a district committee and demand that further proceedings be conducted by a three-judge circuit court. So that's the legislature saying you can step away from the disciplinary board and go to a three-judge court, but you have to make that demand, as the court noted. And if you look to, you know, just to back up a few steps, if you look at Section 54.1-3909, that's where the legislature gives the Supreme Court authority to prescribe procedures to discipline, suspend, and disbar attorneys. And Section 54.1-3910 gives the Supreme Court of Virginia authority to promulgate rules and regulations organizing and governing the Virginia State Bar. And it also states that all persons engaged in the practice of law in Virginia shall be active members of the Virginia State Bar. So reading those together, it states that you have to be a member of the Virginia State Bar in order to practice law in Virginia. And they delegated that authority to the Supreme Court of Virginia to create the rules and processes determining who does and doesn't get to be a member of the Virginia State Bar. And pursuant to that authority, the Supreme Court of Virginia did exactly what it was authorized to do. It created Paragraph 13-6A, which authorizes the Supreme Court of Virginia to appoint a 20-member disciplinary board. And Paragraph 13-6F states that the board has jurisdiction to consider complaints and certifications submitted to it by a subcommittee or district committee. And as I mentioned, Ms. Daniels' matter was initiated by a certification from a subcommittee. Now, Ms. Daniels' argument in that regard seems to originate from her misreading of Virginia Code Section 54.1-3915. And that section states that the Supreme Court of Virginia cannot eliminate the jurisdiction of the courts to deal with discipline. And we saw that, actually, in the facts underlying this very case. In one of the underlying matters, Ms. Daniels' conduct led to her being banned from the Suffolk Circuit Court. That's in the Joint Appendix of 2614 and 2620. So, Section 54.1-3915 says the Supreme Court of Virginia can't eliminate the Suffolk Circuit Court's jurisdiction to do that, and the Supreme Court of Virginia hasn't done that. Now, there is a... Now, Ms. Daniels has tried to frame this proceeding as a referendum on Virginia's disciplinary system. But this is a very narrow proceeding. The only matter for the court to decide is whether it will follow the Commonwealth of Virginia's lead and revoke Ms. Daniels' admission to this court. And under Local Rule 46G2, the discipline imposed by another court is presumed to be appropriate. So, the potential basis for which this court could not impose reciprocal discipline would be, first, that the Virginia State Bar procedure lacked due process. And to briefly address due process, Ms. Daniels' briefs, her initial brief, appears to argue due process. Her reply brief appears to waive that argument. She talked about due process today. But due process in disciplinary proceedings is defined as notice of the proceedings and the opportunity to be heard. And there's no question that Ms. Daniels had that. She served with a detailed certification. She filed a detailed response in which she consented to jurisdiction of the disciplinary board. And as she told you here today, that was a deliberate decision that she made. She identified witnesses and exhibits. She had a two-day evidentiary hearing in February of 2019, which was five months after the charges were certified. She was initially represented by counsel until she fired her counsel. The bar, as the court can see in the transcript, did express concerns about Ms. Daniels representing herself and objected to the withdrawal of her counsel on that basis. The disciplinary board momentarily appointed a guardian ad litem for Ms. Daniels. Ms. Daniels objected to that. The board immediately revoked that decision. No substantive action was taken where Ms. Daniels had a guardian ad litem. And although I address it because Ms. Daniels did, all of that is frankly irrelevant to the question of whether she had due process, which is simply notice of the proceedings and an opportunity to be heard. Other potential basis for not imposing reciprocal discipline is that there was an infirmity of proof or facts such that the court could not accept Virginia's conclusions. And for that, I would direct the court's attention to the disciplinary board's memorandum order, which identifies specific findings of fact to support each rule violation. Now, Ms. Daniel argued in her opening brief that there was no evidence to support the findings. That's plainly contradicted by the memorandum order, and it's significant that the underlying facts here were not disputed. The bar's exhibits were admitted without objection. The board's findings were based on letters that Ms. Daniels sent, pleadings she signed, and statements that she made on the record at hearings. For example, two of the matters in which Ms. Daniels was disciplined involved her representation of Robin Ruffin. Ms. Daniel filed a motion for a rule to show cause in Ms. Ruffin's divorce case in which she asked the court to order a non-party to convey an interest in real estate and asked for relief on behalf of Ms. Ruffin's mother, who obviously wasn't a party to the litigation. She told the presiding judge that, quote, there is plenty of evidence to prove your unfitness to preside over any cases in any court, end quote. It's in the joint appendix at 742 through 743. The third matter involved Ms. Daniels' representation of Mary Margaret Jones in a matter related to breach of fiduciary duty allegations. Ms. Daniel accused a circuit court judge of making a bald-faced lie and raping a trust. She advised the court that the case had settled when it had not, and she asked the court to enter orders and act on that settlement, and she didn't copy opposing counsel on that correspondence until six hours later. That's in the joint appendix at 2564 through 2572. So, in short, there was ample proof to support every Virginia rule of professional conduct that was found. Ms. Daniels' arguments pertain to the third potential basis for not imposing reciprocal discipline, which is that there's a grave reason why imposing reciprocal discipline would conflict with the court's duties, and as noted, Ms. Daniel has not identified any authority to support her argument that the disciplinary board did not have the authority to do exactly what it did. And as Your Honor mentioned in the Fales case, the Supreme Court of Virginia specifically ferreted out not just that you only get a three-judge circuit court if you demand one, but that you have to demand it properly in accordance with paragraph 13, and if you don't complete those steps properly, then that opportunity is waived. Can I ask a procedural question about what happens when the board enters an order of discipline? Is there a right of appeal after that? There is, and it is an appeal of right to the Supreme Court of Virginia, and Ms. Daniels' appeal was dismissed on procedural grounds because she failed to be effective. So the court didn't reach the merits of any subject matter jurisdiction argument? Correct. So, in closing, there's simply no basis to overcome the presumption of imposing reciprocal discipline, and I would ask that the court impose reciprocal discipline and revoke Ms. Daniels' privilege to practice before this court. All right. Thank you, Ms. Schoenfeld. Ms. Daniels, you have five minutes for rebuttal. Thank you. As I said, I'm not here for myself. I'm here for every single lawyer who came before me, who is practicing now, and who will come ahead of me. Who is subject to this illegal disciplinary system that's been set up by the Virginia Supreme Court legislating from the bench, which is not what a Supreme Court is supposed to do. We've heard a lot about that recently in the news about the U.S. Supreme Court. However, this Virginia Supreme Court has done exactly that, because under the Virginia Constitution, only the General Assembly can set up courts to determine people's rights in this commonwealth, including lawyers, and only the General Assembly can appoint judges. The Supreme Court appoints the disciplinary board members, not the General Assembly. They sit as judges, just as circuit court judges sit. They impose the same kinds of penalties on lawyers or dismiss cases which harm the public, just as a three-judge court can do in the circuit courts in Virginia. Secondly, the council, the elected body of the state bar, not even the Supreme Court, appoints the district committee members to sit in judgment and meet out discipline or dismiss complaints that they actually get. You know, part of that, what, 19% that aren't dismissed by the bar in-house, where nobody knows what's going on? I worked there. I saw it happen. I didn't participate in it. And that's why I'm here today at 78 years of age to present to this court. This court cannot impose reciprocal discipline on a void ab initio order where the entity lacks subject matter jurisdiction. Now, this court can set up a disciplinary case against me and allow me to come in and defend those spurious charges. They brought no witnesses with them to testify against me, except one state bar investigator who testified to hearsay. They didn't bring in those lawyers they're talking about from Suffolk. They didn't bring in the judges. They didn't bring in my clients came to testify for me. And the first thing the bar did was in 18, and she made a year mistake in her first remarks. As an 18, they came after me saying I was impaired to practice law. They had no witnesses. They had no medical evidence. They could not prove it. They demanded five years of my medical records from every provider and told me I needed to go to independent psychiatric exam. That's what this bar does. That's a clandestine hearing. You cannot have the public there. The press can't be there. You can't even have your own court reporter there. It's behind locked doors. And when I wouldn't give them, of course, five years of medical records because of my client's confidentiality, my children's confidentiality, my other family members' confidentiality, my confidentiality, in violation of all HIPAA regulations you can think of and privacy laws, they suspended my right to practice for noncompliance. I couldn't appeal that order. You can't appeal a noncompliance order under this state bar disciplinary system. So I asked for a memorandum order. The bar refused to issue a memorandum order because I could have appealed that in 2018. This woman right here is the one who accused me of being impaired to practice law. Well, I'm not impaired to practice law. And this case is about affording the public and lawyers who are members of the public and who are respondents due process of law. It is about the entities that impose discipline under the bar system. The right only, only when they have the right for under subject matter jurisdiction, which they don't have because they're not judges, they're not courts. And this case is about 3909. Yes, that says the bar can enact procedures, procedures, not appoint judges or create courts. That's not procedure. 3910 says they can only investigate and report. Who do they report to? If you look at Consumers Union, which is 446 U.S. 719 issued in 1984 years after the bar created this illegal system, it says the state courts. That's who they're supposed to report to. They were supposed to report to the state courts in Virginia. That can be any state court, believe it or not. It doesn't have to be a circuit court. So this is about due process. This is about subject matter jurisdiction. And if this court believes that that order was entered by a court, a court in Virginia, a state court, then, yeah, you could impose reciprocal discipline. If you think it was not entered by a state court and not entered by judges, then you can't impose reciprocal discipline. You can try me and I'll come willingly and defend myself against these serious charges. They didn't let you know that nobody came from Suffolk to testify against me. Nobody came from Charles City to testify against me. What they did was put in hearsay records where the investigator for the state bar went out and copied the court files and presented the court files as 2,000 and some pages of evidence. You're a minute over your rebuttal time, so you're going to need to wrap it up. Is there any last thing you want to say? I asked this court to refuse to impose reciprocal discipline. And if it thinks it's warranted, set a hearing for me to come in and be tried on the merits. Let me defend myself as I should have been defended before the bar in 2018 when the lawyer refused to challenge the bar's jurisdiction over impairment cases because only circuit courts can declare people in Virginia impaired. Only circuit courts. The bar can't do that. They have no authority under the statutes to do that. And defend myself on the 2019 charges where my lawyer threw me under the bus, and he threw me under the bus not only factually. All right, Miss Daniels. Your time is up, Miss Daniels. Thank you. Thank you very much. All right. Thank you both for your arguments here this morning. Miss Schoenfeld, I want to thank you for taking on this court assignment. We typically would come down and greet counsel and the parties, but obviously because of COVID, we're not able to do that. But thank you again on behalf of the court for your arguments. We'll move on to our next case. Thank you very much.
judges: Albert Diaz, Stephanie D. Thacker, A. Marvin Quattlebaum Jr.